**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jason L. Laliberte,<br><br>　　　　Petitioner,<br><br>vs.<br><br>E.W. Morris, et al.,<br><br>　　　　Respondents. | )　CV 08-613-PHX-JAT<br>)<br>)　**ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pending before this Court is Petitioner's Amended Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1218 ("AEDPA"). On December 31, 2008, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R & R") recommending that the Petition be denied. Doc. #21. Petitioner filed objections to the R & R and requested a de novo review of all his claims for relief set forth in his Petition.[1]  Doc. #24.

---

[1] In Petitioner's Traverse and memorandum in support of Traverse he conceded that his claims were either noncognizable or procedurally defaulted, with the exception of Amended Grounds Three, Four, Six, and Seven, to which he now objects. (Traverse, p.3, Doc. #19; Memorandum, p.4, Doc. #20.) The Magistrate Judge provided analysis on the merits of each of the Petitioner's claims, despite noting Petitioner's concession. R & R at 8. This Court is not conducting a de novo review on any claims other than Amended Grounds Three, Four, Six, and Seven because Petitioner has conceded that those claims fail.

Pages 1 through 7 of the R & R recite the factual and procedural history of this case. R & R at 1-7. Neither party has objected to this account and the Court hereby accepts it. Next, pages 7-10 of the R & R lay out the law governing exhaustion, procedural default (including adequate and independent state grounds), and cause and prejudice. *Id.* at 7-10. This discussion correctly summarizes the law governing what must occur for a federal court to consider the merits of a habeas claim arising under 28 U.S.C. § 2254 and the Court hereby accepts and adopts this legal framework.[2]

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

As stated above, Petitioner seeks relief from his state court conviction based on 28 U.S.C. § 2254. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2), this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[3] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ... ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Accordingly, the summary denial of Petitioner's petition for review by the Arizona Court of Appeals renders the trial court's decision on Petitioner's Petition for Post-Conviction Relief ("PCR") the "last reasoned decision" of the state court, subject to this Court's review. *See Ylst v. Nunnemaker*, 501 U.S.

---

[2] This court does note a further clarification of the law governing exhaustion, which is not mentioned in the R & R, as will be discussed in more detail later in this Order.

[3] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

- 2 -

797, 803 (1991) ("later unexplained orders upholding [a] judgment [rejecting a federal claim]" raises a presumption that the reviewing court "looks through" that order to the last reasoned decision).

The Ninth Circuit of the Court of Appeals has noted that applying the foregoing standards is difficult when no rationale was provided for the state court's decision on the merits. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000); *see also Atwood v. Schriro*, 489 F.Supp.2d 982, 1000 (D.Ariz. 2007). When there is no rationale provided by the state court upon which the federal court can rely:

> [A] federal court independently reviews the record to assess whether the state court decision was objectively unreasonable under controlling federal law. *Himes*, 336 F.3d at 853; *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Although the record is reviewed independently, a federal court nevertheless defers to the state court's ultimate decision. *Pirtle*, 313 F.3d at 1167 (citing *Delgado*, 223 F.3d at 981-82; *see also*, *Himes*, 336 F.3d at 853. Only when a state court did not decide the merits of a properly raised claim will the claim be reviewed de novo, because in that circumstance "there is no state court decision on [the] issue to which to accord deference." *Pirtle*, 313 F.3d at 1167... .

*Atwood*, 489 F.Supp.2d at 1000.

Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

**Discussion**

Petitioner objects to the R & R on several grounds: (1) that Petitioner did exhaust his state court remedies for ineffective assistance of counsel as set forth in Amended Grounds Three and Four of his Petition; and (2) that the Magistrate Judge incorrectly concluded that the Petitioner was required to cite federal law to support his claims set forth in Amended Grounds Six and Seven of his Petition. In this case, because objections were filed, this Court will review all issues to which an objection was filed de novo.

## I. Exhaustion in State Court of Ineffective Assistance

The Magistrate Judge found in the R & R that Petitioner's Amended Ground Three and Four were raised in his PCR, but were abandoned in his petition for review to the Arizona Court of Appeals, and thus were not sufficiently exhausted. R & R at 13-14, 16. Petitioner argues that he did raise Amended Ground Three and Four in his direct appeal by raising generally the issue of an "unambiguous claim" of ineffective assistance of counsel, and incorporating his entire PCR by referencing the PCR and attaching it as an appendix. (Objection to R & R, p.3-4, Doc. #24.)

Under *Insyxiengmay v. Morgan*, the Ninth Circuit of the Court of Appeals found claims were fully and fairly presented to the state court when a full copy of the second PCR was attached to the motion for review as an appendix. 403 F.3d 657, 668-69 (9th Cir. 2005). The court reasoned that in the appendix the claims were presented with extensive argument in support of the claims and citations to the requisite authority. *Id.* at 669. Therefore, the court held the issues were exhausted. *Id.* at 668-69.

Here, Petitioner attached his Reply to the State's Response to the PCR ("Reply") as an appendix when he appealed to the Arizona Court of Appeals. Similar to *Insyxiengmay*, wherein the claims were fully presented in the attached appendix, here Petitioner presented argument and citations to the requisite authority in the attached Reply. Further, Petitioner alerted the Arizona Court of Appeals to these claims by referring to them as an "unambiguous" claim of ineffective assistance of counsel and then referencing his Reply, which he identified as Appendix A. (Petition, p.2-3, Doc. #8, Exh. 10.) Thus, the Arizona Court of Appeals did not have to read beyond the petition for review to discover the federal claim. *C.f. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (court held a claim was not fairly presented when the court had to read lower court opinions of the case to discover the claim).

Therefore, Amended Claims Three and Four were fully presented and exhausted in state court, and the Court will not adopt the R & R on these points.[4]

## II. Ineffective Assistance of Counsel

In this case, both the trial court and appellate court issued minute entries denying Petitioner's PCR. (Petition, Exh. #9, Exh. #11.) Neither court supplied the rationale for its decisions. Therefore, the Court undertakes independent review of the record to determine whether the state court's decision was objectively unreasonable under federal law while still deferring to the state court's ultimate decision. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *Atwood v. Schriro*, 489 F.Supp.2d 982, 1000 (D.Ariz. 2007).

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance of counsel claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[C]ounsel has a duty to make reasonable investigations." *Id.* at 691. However, counsel may make a reasonable decision that some investigation is unnecessary. *Id.* The court should be highly deferential in assessing the reasonableness of counsel's representation. *Id.* at 689.

---

[4] The Magistrate Judge accurately states the law, and her finding that the ineffective assistance of counsel issues were not properly exhausted is supported by *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). ("Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing."). However, another 2005 Ninth Circuit Court of Appeals case allowed incorporation by reference in the state court for a habeas petition. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668-69 (9th Cir. 2005). Because *Insyxiengmay* is factually similar to the present case, the Court here finds the issues exhausted in state court.

- 5 -

1    In cases in which a petitioner claims ineffective assistance of counsel based on an
2 alleged conflict of interest, the petitioner must show: (1) that the attorney actively
3 represented conflicting interests, and (2) that an actual conflict of interest adversely affected
4 the lawyer's performance. *Burger v. Kemp*, 483 U.S. 776, 783 (1987); *See Mickens v.*
5 *Taylor*, 535 U.S. 162, 171 (2002) (an actual conflict is "a conflict *that affected counsel's*
6 *performance* – as opposed to a mere theoretical division of loyalties") (emphasis in original).
7    In order to show prejudice, Petitioner "must show that there is a reasonable probability
8 that, but for counsel's unprofessional errors, the result of the proceeding would have been
9 different. A reasonable probability is a probability sufficient to undermine confidence in the
10 outcome." *Strickland*, 466 U.S. at 694. Without specifics that cause the court to have such
11 doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24
12 F.3d 20, 26 (9th Cir. 1994) (noting that the petitioner needs to "identify what evidence
13 counsel should have presented" to show his innocence).

14    **A.    Amended Ground Three**

15    As recounted in the R & R, in Amended Ground Three, Petitioner argues he received
16 ineffective assistance of counsel when his counsel failed to review the pre-sentence report
17 prior to sentencing. R & R at 13. Further, Petitioner generally contends that his counsel
18 failed to investigate for possible mitigation, to call witnesses at his sentencing hearing, and
19 to present mitigation evidence. *Id.*

20    As was noted in the R & R, Petitioner failed to describe what mitigating evidence was
21 available. *Id.* at 13, footnote 6. Further, Petitioner neglected to specify how review of the
22 pre-sentence report would have affected his sentence. Petitioner also did not explain what
23 facts further investigation could have uncovered that would have aided him at sentencing.
24 *See Ortiz v. Stewart*, 149 F.3d 923, 933 (9th Cir. 1998) (court did not find ineffective
25 assistance of counsel for not properly preparing for sentencing and failing to investigate
26 information in pre-sentence report when the petitioner failed to explain what counsel should
27 have done and what further investigation would have uncovered).
28

Additionally, as noted in the R & R, Petitioner never demonstrated how the facts that might have been uncovered would have changed the result of his sentence. R & R at 13, footnote 6. *See Bragg v. Galaza*, 242 F.3d 1082, 1089 (9th Cir. 2001) (court noted even if investigation efforts were flawed, the petitioner needed to "show a reasonable probability that, but for [] alleged investigative omissions, the result would have been different"); *Gonzalez v. Knowles*, 515 F.3d 1006, 1014-15 (9th Cir. 2008) (court found no ineffective assistance of counsel even if performance was constitutionally deficient in failing to investigate and call witnesses when the petitioner cannot demonstrate prejudice). Petitioner is unable to provide specific facts to show counsel's performance was deficient, and even if such facts existed, that the failure to uncover such hypothetical facts caused prejudice. Therefore, Petitioner's claim of ineffective assistance of counsel in Amended Ground Three does not meet the *Strickland* test, and this claim is denied.

### B. Amended Ground Four

In Amended Ground Four, Petitioner argues he received ineffective assistance of counsel when counsel failed to withdraw. R & R at 16. Petitioner claims counsel was required to withdraw because counsel allegedly had a conflict of interest based on the "victim" in the case being a Deputy Public Defender, and colleague of counsel. (Petition, p.4, Doc. #8, Exh. 8.)

The Magistrate Judge found in the R & R the "victim" to which Petitioner appears to refer is not in the case presently before this Court. R & R at 16. After reviewing the record, this Court agrees with the R & R on this point.[5]

Notwithstanding that fact, Petitioner also failed to offer any evidence that his counsel, Lloyd C. Tate of the Office of the Legal Defender, and the Deputy Public Defender Petitioner identified, knew each other or had any type of relationship. Thus, even if the Deputy Public Defender was the victim, Petitioner still failed to show that counsel actively

---

[5] Petitioner has alleged there was a conflict of interest based on a Deputy Public Defender being a "victim" in a different case he was prosecuted for, but that case is not before the Court and has no relevance here.

- 7 -

1 represented conflicting interests, and that this alleged conflict affected counsel's
2 performance. *See Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2001) (court found to
3 establish an ineffective assistance of counsel claim based on a conflict of interest the
4 petitioner must prove an actual conflict with a factual showing on record); *U.S. v. Rodrigues*,
5 347 F.3d 818, 824 (9th Cir. 2003) (court found no ineffective assistance of counsel when
6 petitioner simply alleges a conflict and there is no proof of a conflict offered by the
7 petitioner). Therefore, Petitioner fails to establish his ineffective assistance of claim based
8 on conflict of interest in Amended Ground Four, and this claim is denied.

### III. Amended Ground Six

10 In Amended Ground Six, Petitioner argues Maricopa County Superior Court Judge
11 Dennis W. Dairman failed to consider Petitioner's Reply prior to rendering his ruling. R &
12 R at 17. The Magistrate Judge found in the R & R that Petitioner failed to provide any
13 federal law or evidence to support this claim. *Id.* Therefore, the Magistrate Judge did not
14 consider this claim and recommended that it be denied. *Id.* After reviewing the record this
15 Court agrees with the R & R. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999)
16 (court found a claim for habeas must include a reference to a specific federal guarantee and
17 a statement of facts that entitle the petitioner to relief). Therefore, the Court adopts the R &
18 R on this point, and Amended Ground Six is denied.

### IV. Amended Ground Seven

20 In Amended Ground Seven, Petitioner argues Judge Dairman dismissed his PCR in
21 error because Petitioner raised a "clear and unambiguous claim." R & R at 17. The
22 Magistrate Judge notes that Petitioner's claim in Amended Ground Seven is vague and fails
23 to provide federal law in support of the claim. *Id.* Upon review of this claim, it appears
24 Petitioner is contending the state courts erred in failing to provide him with an evidentiary
25 hearing despite the fact that he alleges he presented a colorable claim of ineffective
26 assistance of counsel.

27 For this Court to find ineffective assistance of counsel Petitioner must meet the
28 *Strickland* test. Petitioner's argument that he presented a colorable claim does not meet the

standards for ineffective assistance of counsel. Specifically, a request for an evidentiary hearing in state court is not cognizable as a habeas claim. Because Petitioner cannot meet the *Strickland* test, habeas relief on Amended Ground Seven is denied.

### V.   **Evidentiary Hearing**

Petitioner requests an evidentiary hearing in this Court. (Objections to R & R, p.6, Doc. #24.)

The AEDPA Section 2254 provides that:

> If the applicant failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on–
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). In order to qualify for an evidentiary hearing, a petitioner must have (1) alleged facts, which, if proven, would entitle him to relief, and (2) showed that he did not receive a full and fair hearing in a state court, either at the time of trial or in a collateral proceeding. *See Greyson v. Kellam*, 937 F.2d 1409, 1412 (9th Cir. 1991).

Here, Petitioner has failed to allege any facts, which if proven, would entitle him to relief. Petitioner stated that mitigating evidence for sentencing was available, but did not specify what mitigating evidence existed. (Petition, p.8, Doc. #8.) *See Gonzalez v. Knowles*, 515 F.3d 1006, 1014-15 (9th Cir. 2008) ("[H]e has not presented, nor has he even alleged, the existence of any quantum of mitigating evidence upon which we can conclude entitle him to an evidentiary hearing."). Accordingly, this Court denies Petitioner's request for an evidentiary hearing.

/ / /

/ / /

/ / /

/ / /

1  Based on the foregoing,

2  **IT IS ORDERED** that the R & R (Doc. # 21) is accepted to the extent indicated
3  above, the objections (Doc. # 24) are overruled to the extent indicated above, the Petition is
4  denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

5  DATED this 7th day of April, 2009.

```
                    James A. Teilborg
                    United States District Judge
```