1   **WO**

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Jason L. Laliberte,                    )   No. CV 08-613-PHX-JAT
                                           )
10                 Petitioner,             )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Charles L. Ryan, et al.,               )
13                                         )
                   Respondents.            )
14                                         )
    _____       )

15

16          Pending before the Court is the Respondent's Motion for Reconsideration (Doc. #27).

17          **I.      Introduction**

18          The Court entered an Order denying Laliberte's Amended Petition for Writ of Habeas

19  Corpus ("Petition") and dismissing this case with prejudice on April 8, 2009.  Judgment was

20  entered that same day.  Respondents filed a Motion for Reconsideration on April 16, 2009.

21          **II.     Legal Standard and Analysis**

22          Reconsideration of a final order in the habeas context is only appropriate if: (1) the

23  court is presented with newly discovered, previously unavailable, evidence; (2) the court

24  committed a clear error of law or the initial decision was manifestly unjust; or (3) there was

25  an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir.

26  2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

27          Respondents seek reconsideration of the portion of the April 8, 2009 Order ("Order")

28  that fails to adopt the Magistrate Judge's recommendation on Amended Ground Three and

1   Amended Ground Four.  Specifically, this Court disagreed with the Magistrate Judge's

2   finding that Petitioner did not sufficiently exhaust Amended Ground Three and Amended

3   Ground Four in state court.  Respondents disagree with this point because they argue this

4   Court's reliance on *Insyxiengmay v. Morgan*, 403 F.3d 657 (9th Cir. 2005), was in error.  Doc.

5   #27 at 7-8.  Further, Respondents argue that this Court should rely on *Baldwin v. Reese*, 541

6   U.S. 27 (2004), and *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005) to reach a different

7   conclusion.

8               **III.    Baldwin v. Reese and Castillo v. McFadden**

9          As discussed above, Respondents argue that this Court's reliance on *Insyxiengmay* to

10  the exclusion of *Baldwin* and *Castillo* is misplaced and that this Court's finding directly

11  contradicts these cases.  Doc. #27 at 7, 9.  In *Baldwin*, the Supreme Court found that a

12  petitioner does not fairly present a federal claim "when an appellate judge can discover that

13  claim *only* by reading lower court opinions."  541 U.S. at 31 (emphasis added).  The present

14  case is factually distinguishable from *Baldwin*.

15         In this case, in the body of his petition for review of the trial court's denial of his

16  petition-for-post-conviction-relief (hereinafter "petition for review") Petitioner argued that

17  the trial court erred in dismissing his petition for post conviction relief without an evidentiary

18  hearing on his claim of ineffective assistance of counsel.  Doc. #8-3 at 34.  Further, he

19  allegedly attached as an appendix to his petition for review his reply to the State's response

20  to his petition-for-post-conviction-relief.[1]  Thus, here, the Arizona Court of Appeals did not

21  have to read through lower court records to discover the claim.  Because the Arizona Court

22

23         [1] The Court states that the reply was "allegedly" attached to the petition for review,

24  because neither party has actually filed a complete copy of the petition for review with this
    Court.  At Doc. #8, Petitioner attached as exhibits his petition for review without any

25  appendices and the Court of Appeals decision denying review.  Doc. #8-3 at 33-38.  At Doc.
    #15, Respondents filed the state court "record" but did not include the petition for review at

26  all or the Court of Appeals decision denying relief.  Both because it was Respondents'
    obligation to file the record, and because Respondents have not disputed Petitioner's claim

27  that he attached this reply as an appendix to his petition for review, the Court has accepted

28  this allegation as true for purposes of this Order.

1   of Appeals did not have to read further than Petitioner's petition for review and the appendix,

2   the April 8, 2009 Order is not inconsistent with *Baldwin*.

3          Similarly, the April 8, 2009 Order is not in inconsistent with *Castillo*.  In *Castillo*, the

4   petitioner argued that his federal claim was fairly presented in various motions before the

5   trial court.  399 F.3d at 999-1000.  Like in *Baldwin*, to discover this claim the Arizona Court

6   of Appeals would have been "required to comb the trial court's decision to discover

7   Castillo's federal constitutional issue."  *Id.* at 1000.  Therefore, the *Castillo* court relied on

8   *Baldwin* and found the petitioner did not fairly present his claims.  *Id.*

9          **IV.    *Insyxiengmay v. Morgan***

10          The Ninth Circuit Court of Appeals case *Insyxiengmay v. Morgan* is factually similar

11   to the present case.  403 F.3d 657 (9th Cir. 2005).  In *Insyxiengmay*, the petitioner filed a

12   motion for review with the Washington Supreme Court and with that motion he attached a

13   copy of his second personal restraint petition ("PRP") as an appendix.  *Id.* at 668.  In the

14   PRP, the petitioner discussed the three claims the state contended were not exhausted.  *Id.*

15   The Ninth Circuit Court of Appeals found that in this appendix the petitioner presented

16   sufficient arguments, citations, and relevant parts of the record to support these three claims.

17   *Id.* at 668-69.  The state had argued that the three claims did not appear in the body of the

18   motion, and thus Washington law prohibited the Washington Supreme Court from

19   considering them.  *Id.* at 668.  However, the Court of Appeals found that Washington law did

20   not prohibit the incorporation of the appendix, and accordingly found the petitioner

21   exhausted these claims in state court.  *Id.* at 668-69.

22          Similarly, in *Farmer v. Baldwin*, Slip. Op. at 5036 (9th Cir. April 29, 2009), the Ninth

23   Circuit Court of Appeals certified a question to the Oregon Supreme Court asking whether,

24   under Oregon law, an appellant can incorporate by reference his brief before the Oregon

25   Court of Appeals to present a claim to the Oregon Supreme Court in a petition for review.

26   The Oregon Supreme Court answered this question by stating such incorporation by

27   reference was sufficient to present the claim to the Oregon Supreme Court under Oregon law.

28   *Id*. at 5036-37.

1    As *Insyxiengmay* and *Farmer* make clear, Respondents are correct that whether an

2    appendix presents an issue to a state appellate court is a question of state law.  As discussed

3    above, in this case, Petitioner attached a copy of his reply in support of his petition-for-post-

4    conviction-relief as an appendix to his petitioner for review. *See* Doc. #8-3 at 35.  That

5    reply/appendix is where Petitioner claims he exhausted Amended Ground Three and

6    Amended Ground Four before the Arizona Court of Appeals.  Also, as indicated above, he

7    made a claim of ineffective assistance of counsel in the body of the petition for review.  Doc.

8    #8-3 at 34.

9    In this case, *Insyxiengmay*, and *Farmer* the petitioners attached the requisite

10   arguments and citations to exhaust their claims in state court as appendices to their petitions

11   for review.  Thus, unless state law expressly forbids the incorporation of the appendix, the

12   Ninth Circuit Court of Appeals has held attaching arguments in an appendix is sufficient for

13   exhaustion purposes.  Accordingly, the question here is whether Arizona law differs from

14   Washington law and Oregon law with respect to expressly forbidding the incorporation of

15   the appendix in a petition for review filed pursuant to Arizona Rule of Criminal Procedure

16   32.9(c).

17   **V.    Arizona Law**

18   Respondents argue that under Arizona law issues not raised and argued in the body

19   of a brief are waived. (Doc. #27 at 8.)  Respondents correctly recount that the Arizona courts

20   have repeatedly held, in cases on direct review, that an appellant waives issues raised in only

21   an appendix.  *See State v. Kemp*, 912 P.2d 1281, 1286 (Ariz. 1996); *State v. Walden*, 905

22   P.2d 974, 984 (Ariz. 1995) (*overruled on other grounds*); *State v. Atwood*, 832 P.2d 593,

23   675-76 (Ariz. 1992).  For example, an opening brief for appellate review must state the

24   argument in the body of the brief and issues argued solely in appendices are procedurally

25   defaulted.  *State v. Bolton*, 896 P.2d 830, 838 (Ariz. 1995).  In *Walden*, the appellant listed

26   nineteen headings in the brief and placed the arguments for these headings in the appendix;

27   the court struck the text of the appendix.  905 P.2d at 984 ("A list of issues in the brief is not

28   adequate.  Nor may the argument be in the appendix.").  These cases found that Arizona Rule

1    of Criminal Procedure 31.13(c)(4), which limits the contents of an appendix to pertinent

2    authorities and extended quotations, prohibits attaching additional arguments in the

3    appendices. *See e.g.*, *Bolton*, 896 P.2d at 839.  If the same rules that govern direct appeals

4    also govern petitions for review of denials of petitions-for-post-conviction-relief, then this

5    Court agrees with Respondents that Arizona law forbids the incorporation of an appendix

6    containing Petitioner's trial court reply; thus Petitioner would not have exhausted Amended

7    Ground Three and Amended Ground Four in state court.[2]

8         Looking specifically at cases involving petitions for review of denials of petitions-for-

9    post-conviction-relief, no cases directly address appendices.  *C.f. State v. French*, 7 P.3d 128,

10   131 ¶ 9 (Ariz. App. 2000), *disapproved on other grounds by Stewart v. Smith*, 46 P.3d 1067

11   (Ariz. 2002) (court would not address claims raised in petition for review of a denial of a

12   petition-for-post-conviction-relief wherein petitioner simply referred to trial memoranda filed

13   below); *see also State v. Moore*, 611 P.2d 115, 116 (Ariz. App. 1980) (a motion for rehearing

14   before the trial court does not comply with Arizona Rule of Criminal Procedure 32.9(a) when

15   the petitioner merely incorporates by reference his prior filings); *see also Pelligrini v. Bartos*,

16   2007 WL 2526977, *9 (D. Ariz. 2007).  Respondents have not cited and this Court has not

17   located any cases that specifically address whether the Arizona appellate courts would treat

18   the use of appendices differently in petitions for review of trial court decisions on post-

19   conviction-relief-petitions than the use of appendices in direct appeals.

20        The Court notes that the content of briefs in direct appeals in criminal cases is

21   governed by Arizona Rule of Criminal Procedure 31.13.  The contents of a petition for

22   review of the denial of a petition for post-conviction relief is governed by Arizona Rule of

23   Criminal Procedure 32.9.  Thus, the cases cited by Respondents interpreting Rule 31.13

24   would not necessarily control interpretation of Rule 32.9.

25

26

27        [2] It is undisputed that the substance of Amended Ground Three and Amended Ground
     Four are briefed in the reply attached as an appendix to the petition for review. *See* Doc. #8-
28   3 at 26.

1    However, the policy reason Arizona courts advance for disallowing argument in the

2  appendices is that an appendix may not be used to circumvent the page limitations. *See State*

3  *Walden*, 905 at 984 ("Opening briefs in capital cases are limited to eighty pages. Walden

4  filed a 103-page opening brief, which we rejected. Walden's second opening brief was

5  within the eighty-page limit, but he attached much of the excised portion of the original brief

6  as an 'appendix.' This is improper under our rules.") (internal citations omitted). This policy

7  would be equally important in petitions for review as it is in direct appeals. Thus, the Court

8  sees no reason why the Arizona courts would permit an appendix to be used to circumvent

9  a page limit in a petition for review of a petition-for-post-conviction-relief when the Arizona

10  courts do not permit such a tactic on direct review. *See*, *e.g.*, *Kemp*, 912 P.2d at 1286 (noting

11  that 12 issues were raised in an appendix and striking the text of the appendix on those 12

12  issues because argument must be made in the body of the brief).[3] Further, Arizona Rule of

13  Criminal Procedure 32.9(c)(1)(ii)(iii) & (iv), supports this conclusion; stating that the 20

14  page petition for review must contain the issues presented on appeal, the facts material to

15  those issues, and the reasons why the petition should be granted.

16    Here, Petitioner listed the issue on appeal — ineffective assistance of counsel — in

17  his petition for review, but he did not list any facts material to that issue. He then made his

18  entire argument in an appendix. Having reviewed the Arizona cases, the Court finds no basis

19  to treat the "appendix" any differently in petitions for review than in direct appeals. Thus,

20  the Court agrees with Respondents that under Arizona law Petitioner's use of the appendix

21  was insufficient to present Amended Ground Three and Amended Ground Four to the

22  Arizona Court of Appeals.[4]

23

24    [3] The Court notes that in this case, Petitioner's petition for review added to his reply

25  attached to his appendix would have been 11 pages; less that the 20 pages permitted by
   Arizona Rule of Criminal Procedure32.9(c)(1). Thus, Petitioner in this case did not violate

26  this policy.

27    [4] The Court notes that in Respondents' motion for reconsideration, Respondents also

28  argue that Amended Ground Four, even if "raised" in the appendix of the petition for review,

1    **VI.    CONCLUSION**

2        For this Court to grant reconsideration in this case, the Court must find a clear error

3    of law that requires correction.  *Nunes*, 375 F.3d at 807-08.  As discussed above, the Court

4    has determined that under Arizona state law, Petitioner failed to present Amended Ground

5    Three and Amended Ground Four to the Arizona Court of Appeals, and therefore he failed

6    to exhaust those claims.  Thus, reconsideration will be granted in part.  Specifically, the

7    Court still finds that *Castillo* is not controlling, and, thus, to the extent the Report and

8    Recommendation relied on *Castillo* to determine Petitioner's claims were not exhausted, that

9    conclusion is still modified.  However, the Report and Recommendation's ultimate

10   conclusion, that Amended Ground Three and Amended Ground Four were not exhausted, is

11   adopted.  Additionally, the Report and Recommendation's conclusion that those claims are

12   now procedurally defaulted is also adopted.  Doc. #21 at 14.  Finally, the Report and

13   Recommendation's conclusion that Petitioner cannot show cause and prejudice to excuse his

14   procedural default of these claims is also adopted.  *Id.*  Alternatively, the Court still finds the

15   analysis in the April 8, 2009 Order to be correct in that, even if Amended Ground Three and

16   Amended Ground Four had been exhausted, or if Petitioner had shown cause and prejudice

17   to excuse his procedural default, relief on the merits of those claims is still denied.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   _____

25   was not properly presented to the Arizona courts because it should have been raised in
     Petitioner's direct appeal of his conviction and not in his petition-for-post-conviction-relief.
26   Because Amended Ground Four is a theory of ineffective assistance of counsel, and
     Respondents have cited nothing to support an argument that Petitioner could not raise a
27   theory of ineffective assistance of counsel for the first time in a post-conviction-relief
28   petition, this Court has not relied on this argument as a basis for denying relief.

1    Accordingly,

2    **IT IS ORDERED** that the motion for reconsideration (Doc. #27) is granted in part

3    and denied in part as specified above.

4    DATED this 26th day of May, 2009.

5

6

7    James A. Teilborg
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28